**UNITED STATES DISTRICT COURT**
**IN THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **FREDDIE MARTINEZ D/B/A** | § | |
| **MARFRE MUSIC PUBLISHING,** | § | |
| **Plaintiff** | § | |
| | § | **Civil No. CC-09-71** |
| **v.** | § | |
| | § | |
| **MASTERS LICENSING, LP, ET AL.,** | § | |
| **Defendants** | § | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This is a copyright infringement case set for trial on September 20, 2010.  On September, 13, 2010, Defendants filed a motion to dismiss this case with prejudice, pursuant to  FED. R. CIV. P. 37 and 16.  Defendants contend Plaintiff and its counsel have repeatedly failed to cooperate with Defendants in preparing this case for trial by:  (1) failing to initially disclose and supplement a computation of each category of Plaintiff's claimed damages, in violation of FED. R. CIV. P. 26(a)(1)(A)(iii) and (e); (2) failing to initially identify and produce a key witness for deposition, in violation of FED. R. CIV. P. 26(a)(1)(A)(i) and (e); (3) being substantially unprepared to participate in the final pretrial conference, in violation of FED. R. CIV. P. 16(e); and (4) failing to comply with this Court's pretrial orders to file a Joint Pretrial Order by Monday, September 13, 2010, and show cause why this case should not be dismissed, in violation of FED. R. CIV. P. 16(e).

Plaintiff has never filed a response to Defendants' motions.  In a telephone conference on September 16, 2010, Rene Vela, counsel for Plaintiff, represented that Plaintiff agreed to dismissal of this case but without prejudice.

## I.    Applicable Law

A.    FED. R. CIV. P. 37

Federal Rule of Civil Procedure 37(c)(1)(C) provides that the court, on motion and after giving an opportunity to be heard, may dismiss the action or proceeding in whole or in part if a party "fails to provide information or identify a witness as required by Rule 26(a) or (e)..." FED. R. CIV. P. 37(c)(1)(C).  The Court may also impose this sanction on motion if a party or a party's officer, director, or managing agent fails, after being served with proper notice, to appear for that person's deposition.  *Id.* at 37(d)(1)(A)(i).  The district court has broad, although not unbridled, discretion in imposing sanctions, including dismissal with prejudice, under FED. R. CIV. P. 37.  *Dorey v. Dorey*, 609 F.2d 1128 (5th Cir. 1980)[1] (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, ,427 U.S. 639, 642-43, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)[2]); *Griffin v. Aluminum Co. of America*, 564 F.2d 1171, 1172 (5th Cir. 1977).

In determining whether a district court has abused its discretion, the Fifth Circuit Court of Appeals addresses a number of considerations. *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985). First, dismissal is authorized only when the party's failure results from wilfulness or bad faith, and not from the inability to comply.  *Id.* (citing *National Hockey League*, 427 U.S. at 640, 96 S.Ct. at 2779; *see also Marshall v. Segona*, 621 F.2d 763, 767 n. 8 (5th Cir. 1980).  Next, dismissal is proper only in situations where the deterrent value of Rule 37 cannot be

---

[1] Ordinarily Rule 37 sanctions are imposed following violation of a court order.  *Dorey*, 609 F.2d 1135 (5th Cir. 1980).  The only exceptions to the general rule are those situations involving Rules37(c) and 37(d). *Id.*

[2] "...[t]he most severe in the spectrum of sanctions provided by statute or rule must be available to the District Court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League*, 427 U.S. at 643, 96 S.Ct. at 2781.

substantially achieved by the use of less drastic sanctions. *Batson*, 765 F.2d at 514 (citing *Marshall*, 621 F.2d at 768).  Another consideration is whether the other party's preparation for trial was substantially prejudiced. *Batson*, 765 F.2d at 514.  Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding.  *Id.* (citing *Marshall*, 621 F.2d at 768; *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978)).

**B.      Fed. R. Civ. P. 16**

Federal Rule of Civil Procedure 16(f) allows a court to impose sanctions, including dismissal, if a party or its attorney is substantially unprepared to participate – or does not participate in good faith – in the final pretrial conference or fails to obey a scheduling order or other pretrial order.  FED. R. CIV. P. 16(f)(1)(B) and (C).  The same standards for reviewing dismissals for failure to prosecute under FED. R. CIV. P. 41(b) are applied to dismissals under Rule 16(f).  *Rax Garbage Disposal Service, Inc. v. McNeilus*, 109 F.3d 767,  (5th Cir. 1997)(citing *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1518-19 (5th Cir. 1985)).

The Fifth Circuit evaluates an involuntary dismissal with prejudice under Rule 16(f) for abuse of discretion.  *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986).  Because of the harshness of such a sanction, the Fifth Circuit will affirm only when (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) either the district court has expressly determined that a lesser sanction was not available or would be futile, or the record indicates that the district court first employed lesser sanctions that proved to be futile.  *Rax Garbage Disposal Service, Inc. v. McNeilus*, 109 F.3d 767, (5th Cir. 1997)(citing *Berry v. CIGNA/RSI-SIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).  Additionally, in most cases in which the Fifth Circuit has affirmed

such a dismissal, it has found at least one of three aggravating factors: "(1) delay caused by plaintiff himself and not his attorney, (2) actual prejudice to the defendant, or (3) delay caused by intentional conduct." *Rax Garbage Disposal Service, Inc. v. McNeilus*, 109 F.3d 767, (5th Cir. 1997)(citing *Price*, 792 F.2d at 474). *See also Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

## II.   Analysis

### A.   Dismissal Under Rule 37

Applying the above standards, the Court finds dismissal of this case with prejudice is an appropriate sanction under FED. R. CIV. P. 37(c) and (d).  Plaintiff has repeatedly failed to provide Defendants information required by Rule 26(a).  First, Plaintiff did not initially disclose to Defendants, or at any time thereafter, a computation of its claimed damages or answer interrogatories pertaining to damages.  In its initial disclosure, Plaintiff stated:

> Plaintiff at this time is unable to provide a computation of each category of damages until substantial completion of discovery in this case.  Plaintiff does not know the sales and profits from the sales of songs made the basis of this suit.

However, to date, Plaintiff has never taken a deposition of Defendants' agents or representatives to discover or attempt to determine the source and amount of Plaintiff's claimed damages.[3]  Moreover, at their depositions, despite having been given the opportunity to review all documents provided by Defendants regarding the website at issue, Plaintiff Freddie Martinez, Sr. and Freddie Martinez, Jr. were unable to identify or calculate their damages.  Neither could testify whether or not Plaintiff is seeking to recover attorneys fees in this case and, if so, the amount of attorneys' fees incurred to

---

[3] According to their motion, Plaintiff, via its first attorney Arnold Gonzalez, had scheduled to depose Defendants' agents after the close of discovery.  Plaintiff cancelled the depositions because it had retained new counsel, John Wong, who is not admitted to practice in the Southern District of Texas.  After cancelling the deposition dates, Mr. Wong never asked for additional deposition dates.   Plaintiff does not refute these facts.

date.  At a status conference held on September 16, 2010, four days before trial, Plaintiff still had

not produced a single document identifying the calculation of its damages.  Plaintiff did not and has

not explained to this Court why it has not disclosed this information and does not otherwise claim,

explain, or defend that it has, for whatever reason, been unable to do so.  Plaintiff has not asked this

Court for a continuance and has made no effort to convince this Court that it intends on and will

provide this information to Defendants or that such information is otherwise forthcoming.

Second, Plaintiff failed to initially disclose or supplement to Defendants that Steven

Gonzalez was an individual likely to have discoverable information, in violation of Rule

26(a)(1)(A)(i).  Defendants learned of his identity during the discovery process.  Plaintiff also failed

to produce Mr. Gonzalez for deposition.  According to Defendants, Mr. Gonzalez was employed by

and instructed by Plaintiff to purchase and download songs from Defendants' website.  According

to Plaintiff, Mr. Gonzalez was unable to attend his originally scheduled deposition date due to a

family emergency.  Since that time, Plaintiff has repeatedly ignored Defendants' requests to provide

deposition dates convenient for Mr. Gonzalez and has made no effort to coordinate with defense

counsel.  On September 8, 2010, Defendants filed a motion to compel the deposition of Mr.

Gonzalez.  Plaintiff did not file a response or otherwise object to the motion and has made no

representation to the Court that it intends on producing Mr. Gonzalez.  For all of the foregoing

reasons, the Court can only conclude that Plaintiff's repeated failures to comply with Rule 26(a) are

willful.  In addition, less than a month before trial, Plaintiff substituted Rene Vela as its counsel

despite the fact that he is admittedly unfamiliar with copyright law and the practice of civil law in

federal court.  Mr. Vela then assigned the task of  pretrial preparation to John Wong, who is not

admitted to practice in the Southern District of Texas.

The Court also finds, in this case, the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions.   First and foremost, Plaintiff desires to dismiss this case.  Moreover, Plaintiff gives the Court no confidence or assurance that it is able or willing to comply with the Federal Rules of Civil Procedure. Plaintiff has never explained to this Court why it failed to disclose its damages or produce Mr. Gonzalez for deposition.  This Court specifically ordered Plaintiff to show cause why this case should not be dismissed with prejudice.  Plaintiff did not file a response or objection to the proposed sanction.  At the conference held on September 16, 2010, Plaintiff did not refute the factual bases for Defendants' motion and did not argue against dismissal.  Despite having been given two opportunities by the Court to cure its deficiencies, Plaintiff made no effort to do so.  Plaintiff has not given this Court any indication whatsoever that it intends to and is able to participate in preparing this case for trial.

The Court finds Plaintiff's failures have substantially prejudiced Defendants' preparation for trial.  Plaintiff's failure to produce requested relevant information regarding damages, attorneys' fees, and the production of its agent, Steven Gonzalez, makes it impossible for Defendants to prepare a meaningful defense against Plaintiff's claims at trial.  At this time, Defendants do not know if Plaintiff intends to call Steven Gonzalez as a witness at trial.  Without being given the opportunity to depose Mr. Gonzalez, Defendants are unable to anticipate his testimony and prepare accordingly.

**B.     Dismissal under Rule 16**

The Court also finds dismissal of this case with prejudice is an appropriate sanction under Rule 16.  Plaintiff and its counsel were substantially unprepared to participate in the final pretrial conference and failed to obey this Court's pretrial orders.

On March 10, 2010, the Court entered an order setting the case for trial on September 20, 2010, and ordered the parties to file a Joint Discovery/Case Management Plan within ten days.  In their Agreed Joint Discovery/Case Management Plan filed on March 22, 2010, the parties agreed that the Joint Pretrial Order would be filed on or before August 27, 2010.  On August 24, 2010, the Court granted Plaintiff's unopposed motion to substitute Rene Vela Jr. and John Wong as its counsel of record.  Three days later Defendants filed a Proposed Joint Pretrial Order stating:

> Defendants have worked diligently to put together their portion fo the Joint Pretrial Order.  Plaintiff's counsel has not provided their version of the Joint Pretrial Order at this time.  Defense counsel is working with Plaintiff's counsel on this issue.  Out of an abundance of caution and with all respect to th[e] Court's deadline, the Defendants hereby file their portion of the Joint Pretrial Order.

On September 8, 2010, the Court held a pretrial status conference to determine whether this case would proceed to trial on September 20, 2010.  John Wong initially appeared on behalf of Plaintiff  until it was brought to the Court's attention that Mr. Wong is not admitted to practice in the Southern District of Texas.  Upon correction by the Court, Rene Vela appeared on behalf of Plaintiff and confirmed that Plaintiff had not yet filed a Joint Pretrial Order.  Mr. Vela admitted he was unfamiliar with the case, unfamiliar with copyright law, had not read Defendants' proposed Joint Pretrial Order, had not prepared one, and had never practiced civil law in federal court.  Mr. Vela offered no explanation for his or his client's failures and did not ask for a continuance.  The Court nevertheless gave Plaintiff additional time and ordered that Plaintiff file a Joint Pretrial Order by Monday, September 13, 2010.  Plaintiff blatantly disregarded the Court's order.  Plaintiff did not file a Joint Pretrial Order and did not request more time to do so.

On September 13, 2010, Defendants filed the instant motion to dismiss.  On September 14, 2010, the Court ordered Plaintiff to file a response to  Defendants' motion to impose sanctions and

show cause why this case should not be dismissed.  Plaintiff again disregarded the Court's order.

Plaintiff did not file a response, object to the proposed sanction of dismissal, or otherwise show

cause why this case should not be dismissed with prejudice.  On September 16, 2007, John Wong,

again without authority from this Court, made a representation to this Court's case manager that this

case had settled.  The case manager inquired with counsel for Defendants, who stated Mr. Wong's

statement was not true.  On September 17, 2010, the Court held another status conference during

which Mr. Vela confirmed that the case had not settled and that a Joint Pretrial Order had not yet

been filed with the Court.  Mr. Vela also represented to the Court that his client "no longer wants

to pursue this suit" and has "decided to nonsuit the case," a Texas court procedure not recognized

by the Federal Rules of Civil Procedure.

There is a clear record of delay by Plaintiff and its counsel in this case.  Despite having been

given multiple opportunities by the Court, as of September 16, 2010, Plaintiff had not filed a Joint

Pretrial Order and had made no effort to do so.  Plaintiff has repeatedly failed to respond or object

to Defendants' motion for sanctions or otherwise show cause why this case should not be dismissed

with prejudice.  In addition, for the same reasons explained above, the Court finds the imposition

of a lesser sanction would be futile.  Plaintiff has given no indication to this Court that it has any

intention of filing a Joint Pretrial Order.  Plaintiff has never asked this Court for a continuance to

do so. The Court also finds Plaintiff's failure to file a Joint Pretrial Order has prejudiced Defendants.

Defendants do not know Plaintiff's factual contentions with respect to its claimed damages, which

factual and legal issues are contested or could be agreed upon, what exhibits Plaintiff intends on

introducing at trial, or whom Plaintiff intends to call as witnesses at trial.  Without having the benefit

of knowing this information, Defendants would be unfairly surprised and unable to prepare an

adequate defense at trial.  At this point, Defendants can only speculate as to what evidence Plaintiff

will present at trial.

### III.    Conclusion

For the foregoing reasons, Defendants' motion to dismiss this case is GRANTED (D.E. 35,

37). Plaintiff's claims against Defendants are DISMISSED with prejudice.   As an additional

sanction, counsel for Plaintiff shall pay Defendants their costs incurred in defending this suit, but

not attorneys' fees.

All remaining pending motions are DENIED as moot (D.E. 32,33).

ORDERED September 29, 2010.


                            _____
                            HAYDEN HEAD
                            SENIOR U.S. DISTRICT JUDGE